UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~
RIVENDELL WINERY, LLC; and SUSAN L. WINE.

                                      Plaintiffs,
                  v.                                            1:09-CV-547

THE TOWN OF NEW PALTZ; THE ZONING
BOARD OF APPEALS OF THE TOWN OF
NEW PALTZ; LINDA DONOVAN, GAIL
CHRISTMAN, PATRICIA SCHWARTZ, ROBERT
HUGHES, JEFFREY CLOCK, THOMAS WIACEK,
RODNEY WATROUS, and SUSAN ZIMET,
Each Individually; THE COUNTY OF ULSTER;
and JOHN DOES and/or JANE DOES # 1 - 8,
Individually and Personally, representing the
fictitious or partially fictitious names of
Individuals, whose full names are unknown to
the Plaintiffs,
                                     Defendants.
~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~

APPEARANCES:                                      OF COUNSEL:

CAMPANELLI & ASSOCIATES, P.C.          DAVID A. ANTWORK, ESQ.
Attorneys for Plaintiffs
129 Front Street
Mineola, New York 11501

RICE & AMON                                           TERRY RICE, ESQ.
Attorneys for Defendants Town of New Paltz,
Zoning Board of Appeals for the Town of
New Paltz, Linda Donovan, Gail Christman,
Patricia Schwartz, Robert Hughes Jeffrey
Clock, Thomas Wiacek, and Rodney Watrous
Four Executive Boulevard, Suite 100
Suffern, New York 10901

BAILEY, KELLEHER & JOHNSON, P.C.     DINNA ESKIN-COLON, ESQ.
Attorneys for Defendants Susan Zimet         JOHN W. BAILEY, ESQ.
and County of Ulster
Pine West Plaza 5, Suite 507
Washington Avenue Extension
Albany, New York 12205

DAVID N. HURD
United States District Judge

## **MEMORANDUM -DECISION and ORDER**

## **I. INTRODUCTION**

Plaintiffs Rivendell Winery, LLC, and its principal owner, Susan L. Wine ("plaintiffs"), bring eight causes of action against the following defendants: Town of New Paltz, The Zoning Board of Appeals of the Town of New Paltz, Linda Donovan, Gail Christman, Patricia Schwartz, Robert Hughes, Jeffrey Clock, Thomas Wiacek, Rodney Watrous, Susan Zimet, and the County of Ulster.[1]

Plaintiffs' First and Second Causes of Action allege a violation of their right to petition the government for the redress of grievances pursuant to the First Amendment to the United States Constitution and Article I, Section 9 of the New York State Constitution. Plaintiffs' Third and Fourth Causes of Action allege a procedural and substantive due process violation pursuant to the Fifth and Fourteenth Amendments to the United States Constitution. Plaintiffs allege, as their Fifth Cause of Action, a due process violation under Article I, Section 1 of the New York State Constitution. Plaintiffs' Sixth and Seventh Causes of Action allege an equal protection violation under both the Fifth and Fourteenth Amendments to the United States Constitution as well as Article I, Section 11 of the New York State Constitution. Finally, plaintiffs' Eighth Cause of Action alleges that defendants conspired to violate plaintiffs' civil rights in violation of 42 U.S.C. §1983.

---

[1] All claims against original defendant Kevin C. Harp were dismissed pursuant to the parties' stipulation. (See Order, Dkt. No. 39.)

Defendants Town of New Paltz, the Zoning Board of Appeals of the Town of New Paltz, Linda Donovan, Linda Christman, Patricia Schwartz, Robert Hughes, Jeffrey Clock, Thomas Wiacek, Rodney Watrous (the "Town defendants") filed a motion to dismiss plaintiffs' complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Defendants Susan Zimet and the County of Ulster (the "County defendants") filed a separate motion to dismiss plaintiffs' complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiffs oppose both motions. Defendants' motions were considered without oral argument.

## II. BACKGROUND

The following facts alleged in the complaint are accepted as true for purposes of defendants' motions to dismiss. See McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir. 2007) (citation omitted).

Plaintiff Rivendell Winery, LLC, ("Rivendell") is a limited liability company with its principal place of business located in the Town of Gardiner, within the County of Ulster. Plaintiff Susan L. Wine is the principal owner of Rivendell.

Rivendell operated a 15-acre vineyard and winery from 1987 until 1994 when it was forced to remove the winery due to irreparable damaged caused by severe storms. Ms. Wine, hoping to resume activity in the winery and grape-growing business, acquired two contiguous parcels of land in the Town of New Paltz, New York. Each parcel consisted of approximately two acres. One parcel was improved with a newly constructed building.

However, the newly constructed building was not occupied prior to Ms. Wine's purchase. Ms. Wine leased the two parcels of land to Rivendell on January 11, 2007.[2]

The parcels are located within the A-1.5 zoning district of the Town of New Paltz. According to Town of New Paltz Code Chapter 140 ("Town Code"), which regulates Zoning, "Agriculture" is one of a number of permitted uses within the A-1.5 Zoning District. TOWN OF NEW PALTZ, NY, CODE § 140-8. However, the term "Agricultural" is not listed in the definition section of Chapter 140. TOWN OF NEW PALTZ, NY, CODE § 140-4. Alternatively, § 140-4 provides that "if a term is not listed below, but is defined . . . in Chapter 140 of the Town Code, then for the purpose of these regulations the meaning of that term shall be defined as therein." Id. Under § 140-117.3 and § 140-134 of the Town Code, the term "Agriculture" is defined as "[a]ll agricultural operations and activities related to the growing or raising of crops, livestock or livestock products, and agricultural products, as such terms are defined in or governed by the Agricultural and Markets Law of the State of New York on land qualified under Ulster County and NYS law for an agricultural exemption by the Assessor of the Town of New Paltz."

In March 2007, plaintiffs submitted their first application to include the two parcels of land in Ulster County Agricultural District No. 2 ("Agricultural District"). Inclusion into an Agricultural District provides State protection from unreasonable interference, restriction, or regulation of farming operations by local entities. See N.Y. AGRIC. & MKTS. LAW § 305-a. If the application is granted, the New York State Commissioner of Agriculture and Markets is empowered to review local rules and their application to determine whether

---

[2] On or about October 16, 2007, plaintiffs entered into a lease agreement with Harry C. Tabak to lease a ten acre parcel of land contingent to their other two parcels.

such rules are overly restrictive or being applied in a way that unreasonably interferes with the farm operation.  Id.  If the Commissioner determines that the local rule is overly restrictive or being applied in an unreasonable manner, he or she may prohibit the local action.  Id.

On March 30, 2007, plaintiffs also filed an application with the Town Planning Board ("Planning Board") seeking approval of plaintiffs' proposed use of the property within the A-1.5 zoning district.  Prior to submitting their application, plaintiffs received confirmation from the Planning Board Chairman that their proposed use of the property was "agricultural" and therefore permissible within the A-1.5 zoning district.  Nonetheless, on May 1, 2007, the Town Building Inspector, Defendant Wiacek, visited the premises to determine if plaintiffs' proposed use was permitted within the A-1.5 Zoning District.  In a letter to the Planning Board issued that same day, defendant Wiacek concluded that while the "winery is not specifically mentioned in our zoning [law], . . . I do agree it is agricultural which is allowed in A-1.5. " (Pls.' Compl., Dkt. 1, ¶ 80.)  However, he also expressed concern about the additional proposed uses of the building, including the "retail sale of wine from the house" since, the Town Code only provides for "[r]etail sale of agricultural produce grown on the same lot from a road stand."  Id.  Accordingly, he indicated that a variance from the Zoning Board of Appeals would be necessary.  (Wiacek May 1, 2007 Letter, Ex. B to Town Defs.' Mot. to Dismiss, Dkt. 25-2.)

Plaintiffs allege Ulster County Assistant District Attorney Kevin Harp contacted defendant Wiacek shortly thereafter to pressure him into reversing his initial determination that plaintiffs' proposed use of the property was for agricultural purposes.  Allegedly, Mr.

Harp acted for his own personal and economic reasons associated with his real estate endeavors.

On May 31, 2007, the Ulster County Agriculture and Farmland Protection Board sent a letter to the Ulster County Legislature recommending plaintiffs' inclusion into the Agricultural District. Under the belief that plaintiffs' application was imminent, defendant Susan Zimet–a representative in the Ulster County Legislature–called plaintiffs to suggest that they withdraw their application due to public opposition. Based on defendant Zimet's request, plaintiffs withdrew their request for inclusion into the Agricultural District. Plaintiffs later learned that defendant Zimet possessed a personal and financial motivation to prevent plaintiffs from being included within the Agricultural District.

In a letter dated July 26, 2007, defendant Wiacek concluded that since "agriculture" is not specifically defined in Town Code § 140-4, plaintiffs' proposed use of the property must comply with § 140-117.3 and § 140-134 of the Town Code, which states that the town assessor must "determine the land on which the use will occur would qualify for an agricultural exemption in order to be called agricultural." (Wiacek July 26, 2007 Letter, Ex. C to Town Defs.' Mot. to Dismiss, Dkt. 25-3.) He also wrote that the Town Assessor informed him that the exemption requirements are based on NY Agriculture and Markets Law § 301-4, which states land used in agricultural production does not "include land or portions thereof used for processing or retail merchandising of such crops . . . . " Id. Finally, he stated that the "proposed use of the building is defined as business and not agricultural, and is therefore not permitted in the A1.5 zone," and "to the extent that the lands could qualify for the agricultural exemption, then the lands may be used for agricultural purposes which are permitted in the A.1.5 zone." Id.

On September 4, 2007, plaintiffs appealed defendant Wiacek's determination to the Zoning Board of Appeals of the Town of New Paltz (the "Zoning Board"). In support of their appeal, they submitted an August 6, 2007 letter from New York State Commissioner of Agriculture and Markets Patrick Hooker. In the letter, the Commissioner Hooker stated that the proposed use of the property constitutes a "farm operation" under NY Agriculture and Markets Law, which is defined to include "the land and on-farm buildings . . . which contribute to the production, preparation, and marketing of crops . . . as a commercial enterprise." (Hooker Letter, Ex. A to Pls.' Compl., Dkt. No. 1-1.)  See also  N.Y. AGRIC. & MKTS. LAW § 301(11). The Commissioner stated that "as long as the wine that is prepared is composed predominantly of grapes produced on the farm . . . the on-farm buildings and equipment which are needed to store and ferment the grapes which are processed on the farm are part of the farm operation," and "the on-farm marketing of the wine under these circumstances is also part of the farm operation." (Hooker Letter, Ex. A to Pls.' Compl., Dkt. No. 1-1.) He also added, "it is my opinion that the use of the land in question for the production of grapes, the fermentation of such grapes to produce wine and the retail sale of the wine, is agricultural in nature." Id. Two months later, the State advised the Zoning Board that the entire winery proposed by plaintiffs constituted a farm operation.

On November 13, 2007, Michael Dunham, the Town Assessor, determined that nine of plaintiffs' acres would qualify for the agricultural exemption as defendant Wiacek had previously noted. Mr. Dunham's official determination was copied to defendant Donovan, the Chairwoman of the Zoning Board.

In addition to reviewing these documents, the Zoning Board requested an interpretation from the Ulster County Planning Board as to whether plaintiffs' farm winery

was permitted in the A1.5 Zoning District.  The Planning Board replied that, in light of Commissioner Hooker's determination, the "farm winery is an agricultural use within the Town's zoning statute."  (Ex. B to Pls.' Compl., Dkt. No. 1-2.)

On December 18, 2007, the Zoning Board unanimously voted to deny plaintiffs' appeal of defendant Wiacek's July 26, 2007 determination.  The Zoning Board did not address the findings made by Commissioner Hooker or the Planning Board.   After the Zoning Board rendered its decision, plaintiffs filed an Article 78 proceeding in New York State Supreme Court alleging that the determination was "arbitrary, capricious, an abuse of discretion, and the result of actions taken in violation of Open Meetings Law."  Plaintiffs argued, inter alia, that the Zoning Board erroneously applied the definition of "agriculture" found in the Town of New Paltz Code §140-117.3 and §140-134.  The state court disagreed, finding that the Zoning Board's determination was entitled to deference as the decision was "neither irrational, unreasonable, nor inconsistent with the ordinance . . . ." (Ex. F to Town Defs.' Mot. to Dismiss, Dkt No. 25-6.)  The state court also noted that even if it were to "decline to grant such deference," the plain language of the statute would require the application of the definition of agriculture from §140-117.3 and §140-134 and that the Zoning Board's decision was fully supported by these sections.  Id.

Plaintiffs appealed the state court's decision.  After the defendants filed their motions to dismiss, the Appellate Division, Third Department affirmed the State Supreme Court's denial of plaintiffs' Article 78 petition.  See Rivendell Winery, LLC v. Donovan, ____ N.Y.S.2d ___, No. 2010 WL 2401706 (N.Y. App. Div. 3d Dep't June 17, 2010).

Plaintiffs now contend that the Zoning Board's decision process was in violation of their federal and state law rights.  Specifically, they allege that three of the five Zoning

Board Members–defendants Donovan, Schwartz, and Clock–were unduly pressured to change their vote as to whether the winery met the definition of agricultural use. Moreover, plaintiffs allege that on the date of the decision the Zoning Board ignored, without explanation, a previously prepared decision approving plaintiffs' appeal that was drafted by Joseph Moriello, Esq.–the Zoning Board's attorney. Plaintiffs argue that these acts demonstrate that the Zoning Board not only asked counsel to prepare a decision in advance of the hearing, but also that the Zoning Board held deliberations in violation of New York State's Open Meetings Law. Finally, they allege the Zoning Board's determination is at odds with the Town Assessor's conclusion that nine acres of their property qualified for an agricultural exemption.

On February 7, 2008, plaintiffs sent a letter to defendant Watrous, the Town of New Paltz Code Enforcement Officer, complaining of the Zoning Board's adverse decision and citing a number of similarly situated farms with approved agricultural uses that have buildings used for farm processing, sales, and housing. Defendant Watrous responded, in a letter dated February 25, 2008, that the "determination of the Building Inspector was made with respect to the facts represented in the [plaintiffs'] application, and is limited to those facts." (Ex. E to Pls.' Compl., Dkt. No. 1-5.) Defendant Watrous also stated that "[t]his office is not aware of any facts that demonstrate the applicability of that determination to the other circumstances described in [plaintiffs'] letter." (Id.)

In March 2008, plaintiffs submitted a second application for inclusion in Agricultural District No. 2. The Ulster County Agriculture and Farmland Protection Board, as they did the previous year, recommended inclusion of plaintiffs' land. Nonetheless, on July 9, 2008, the Ulster County Legislature voted to deny plaintiffs' application. One of the

legislature's members voiced his dissent by openly stating during the executive session that the denial of plaintiff's application was politically motivated and "an injustice to our democratic process." Defendant Zimet, claiming that her property values would be adversely affected by the plaintiffs' proposed winery, abstained from voting.

## III. DISCUSSION

### A. Motion to Dismiss

All facts alleged in the complaint and reasonable inferences drawn therefrom are decided in the plaintiffs' favor when deciding whether to grant defendants' motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). Merrit v. Shuttle, Inc., 245 F.3d 182, 186 (2d Cir. 2001) (citation omitted). Similarly, "[i]n consideration of a motion to dismiss under Rule 12(b)(6), all factual allegations and ambiguities are construed in the light most favorable to the plaintiff. McCarthy, 482 F.3d at 191 (2d Cir. 2007). A cause of action will be dismissed for failure to state a claim only if 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). This is not to say that any set of facts will suffice; rather, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face," and a plaintiff must have "nudged [his] claims across the line from conceivable to plausible." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007).

### B. Ripeness

As a threshold matter, the Town defendants argue that plaintiffs' claims are not yet ripe because they did not seek a variance from the Town's zoning laws. Ripeness is a question of subject matter jurisdiction, and accordingly, must be considered prior to the

merits of plaintiffs' claims.  Vandor, Inc. v. Militello, 301 F.3d 37, 38 (2d Cir. 2002) (citing Marchi v. Bd. of Cooperative Educ. Servs. of Albany, 173 F.3d 469, 478 (2d Cir. 1999)).

In order to establish ripeness in a zoning dispute, plaintiffs bear the "'high burden' of proving that [there was] a final, definitive position from a local authority to assess precisely how they can use their property." Murphy v. New Milford Zoning Comm'n, 402 F.3d 342, 347 (2d Cir. 2005) (quoting Hoehne v. County of San Benito, 870 F.2d 529, 533 (9th Cir. 1989)).  This finality requirement will apply to claims for substantive due process, procedural due process, and equal protection rights violations.  Murphy, 402 F.3d at 349 (collecting cases).  Whether a final decision is required for First Amendment land use claims depends upon the nature of the cause of action.  Id. at 350.  When asserting a First Amendment claim based upon retaliation for protected speech, the finality requirement will not apply.  See Doughtery v. Town of North Hempstead Bd. of Zoning Appeals, 282 F.3d 83, 90 (2d Cir. 2002) (holding that the plaintiff did not need to prove that he obtained a final decision because his "First Amendment claim of retaliation is based upon an immediate injury . . . [and] pursuit of further administrative decision would do nothing to further define his injury").  In contrast, a First Amendment claim based upon the right to petition the government for redress of grievances, such as plaintiffs', is subject to the rule that a final decision as to the use of the property must be made for the claim to be considered ripe.  See Kittay v. Guiliani, 252 F.3d 645, 646-47 (2d Cir. 2001).  Accordingly, the need for a final decision as to plaintiffs' land use applies equally to their First Amendment claim.

Generally, a final decision of how property may be used has not been made unless the property owner requests a variance from the local zoning laws.  Murphy, 402 F.3d at

348 (citing Williams County Regional Planning Comm'n v. Hamilton Bank, 473 U.S. 172, 190, 105 S. Ct. 3108, 3118 (1985)).  Several considerations require litigants to seek a variance before requesting relief from a federal court, including (1) the need to develop a full record; (2) knowing how a local zoning regulation will be applied to a particular tract of land; (3) the potential that a variance may provide the relief requested, thereby avoiding the need to decide a dispute on constitutional grounds; and (4) "the judiciary's appreciation that land use disputes are uniquely matters of local concern more aptly suited for local resolution."  Murphy, 402 F.3d at 348 (citations omitted).

However, a property owner need not seek a variance if his application would be futile.  Id. at 349.  A variance application will be considered futile if the "zoning agency lacks discretion to grant variances or has dug in its heels and made clear that all such applications will be denied."  Id. (citing Southview Assocs., Ltd. v. Bongartz, 980 F.2d 84, 9899 (2d Cir. 1992)).

Although plaintiffs concede they did not seek a variance, they contend that they have met the applicable standard for futility because the alleged facts, if true, show that the Zoning Board was unequivocally determined to bar their winery operations regardless of whether their proposed use of the land qualified as "agricultural."  In support of their position, plaintiffs rely upon their allegations that the Zoning Board openly ignored the opinions offered from Commissioner Hooker, the Ulster County Planning Board, and a number of "scholars, elected officials, and persons in the industry . . . ."  (Pls.' Mem. of Law in Opp'n to Town Defs.' Mot. to Dismiss, Dkt. No. 35, 22.)  Because the Zoning Board failed to address any of the findings favorable to plaintiff's application, plaintiffs contend that seeking a variance from the Zoning Board would have been futile.

Although the success of plaintiffs' application for a variance is doubtful, mere doubt is insufficient to establish that the decision maker has dug in its heels and made certain that the application will be denied. See Ecogen, LLC v. Town of Italy, 438 F. Supp. 2d 149, 160 (W.D.N.Y. 2006) (citing Manufactured Home Cmtys., Inc. v. City of San Jose, 420 F.3d 1022, 1035 (9th Cir. 2005)). Even after taking all of the allegations in the complaint as true, none of the facts show that the Zoning Board would have necessarily denied plaintiffs' application for a variance. To the contrary, several facts suggest plaintiffs may have been granted a variance had they made an application, including the Town Assessor's determination that nine of plaintiffs' acres qualified for the agricultural use exemption (see Pls.' Compl., Dkt. No. 1, ¶ 114) and defendant Wiacek's suggestion that plaintiffs eventually apply for a variance for the proposed winery operation. (Wiacek July 27, 2007 Letter, Ex. C to Town Defs.' Mot. to Dismiss, Dkt. No. 25-3, 4.) Most importantly, different standards govern the consideration of plaintiffs' site-plan application and the application for a variance from the Town's zoning regulations. Although plaintiffs assert several facts that, if true, tend to show that the Town defendants do not feel the proposed winery qualifies as an "agricultural" use of the land, the allegations in the complaint are far from sufficient to establish that the Zoning Board has dug in its heels and made clear that an application for a variance will be denied.

Having failed to plead facts that establish they obtained a final decision or that seeking a variance would be futile, plaintiff's federal claims for violations of their rights to petition the government for the redress of grievances, substantive due process, procedural due process, and equal protection are not yet ripe for adjudication in a federal court.

Accordingly, these claims will be dismissed without prejudice to allow plaintiffs to re-assert such claims in the event they become ripe following an application for a variance.

### C. **Plaintiffs' Conspiracy Claim**

Plaintiffs' Eighth Cause of Action alleges that defendants conspired to violate plaintiff's civil rights in violation of 42 U.S.C. §1983. In light of the decision that plaintiffs' claims for violations of their federal rights are not yet ripe, plaintiffs' conspiracy claim will also be dismissed without prejudice.

### D. **Plaintiffs' Remaining State Law Claims**

Because the exercise of subject matter jurisdiction over plaintiffs' federal law claims would be premature due to the failure to apply for a variance, the exercise of supplemental jurisdiction over plaintiffs' state law claims will be declined. These claims will be dismissed without prejudice to allow plaintiffs to replead their state law claims either after their federal law claims become ripe, or alternatively, in the appropriate state court.

## IV. CONCLUSION

Plaintiffs' frustration is understandable given the defendants' alleged conduct. If true, the abrupt change of heart demonstrated by three of the defendant-voting members of the Zoning Board, the Zoning Board's complete failure to address the favorable opinions submitted by Commissioner Hooker and the Ulster County Planning Board, as well as other factors, may very well, upon consideration of a new complaint, establish a violation of plaintiffs' federal and/or state constitutional rights. Nevertheless, plaintiffs' present complaint is subject to dismissal for lack of subject jurisdiction due to the failure to either obtain a final decision or satisfy the relatively high burden for showing that an application for a variance from the Zoning Board would have been futile. Having decided

to dismiss the complaint without prejudice pursuant to Rule 12(b)(1), consideration of the merits of plaintiffs' claims as they relate to either of the defendants' motions to dismiss under Rule 12(b)(6) is unnecessary. Finally, in the event plaintiffs unsuccessfully apply for a variance and replead their current claims in federal court, the filing fees for their new action shall be waived, and the lawsuit will be assigned to the undersigned and proceed on an expedited basis in the interest of judicial economy.

Accordingly, it is

ORDERED that

1. The Town defendants' motion to dismiss plaintiffs' complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) is GRANTED;

2. The defendants' motions to dismiss plaintiffs' complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) are DENIED as moot;

3. Plaintiffs' complaint is DISMISSED without prejudice to allow them to bring a new action that is ripe for adjudication; and

4. In the event plaintiffs' claims become ripe and are re-filed in federal court, the filing fee for a new complaint and cause of action shall be waived, the lawsuit shall be assigned to the undersigned, and the case will proceed on an expedited basis.

IT IS SO ORDERED.

The Clerk is directed to enter judgment accordingly.

_____
United States District Judge

Dated: July 21, 2010
       Utica, New York